CINTRÓN, PLAINTIFF AND APPELLEE, v. EL ZENIT, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action of Debt.

No. 2025.—Decided June 28, 1920.

NOTICE.—It is conclusively presumed that the parties are before the court and the only exceptions that should be taken into account in regard to notice are those referred to in the Acts of March 9, 1911, and March 11, 1915.

INSURANCE POLICY—BENEFICIARY—HEIRS.—The policy issued by a mutual accident insurance company is the law of the contract and if it does not appear from the policy that the beneficiary designated by the insured to the company's agent and named in the application for insurance was accepted by the company, only the lawful heirs of the deceased member have a right to collect the insurance, according to the by-laws of the company.

The facts are stated in the opinion.

*Mr. M. Benítez Flores* for the appellant.

*Mr. J. R. Freyre* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On November 17, 1917, the plaintiff, Manuel Cintrón Rodríguez, brought an action in the District Court of Mayagüez against the mutual insurance association called "El Zenit" to recover the sum of $4,410, with interest, costs and attorney fees, and the complaint was sustained by a judgment of November 21, 1918, for the sum claimed, with legal interest from the date of the filing of the complaint and the costs

and attorney fees, from which judgment the defendant appealed to this court.

The plaintiff alleged the following as facts constituting his cause of action:

1st. That the plaintiff is the beneficiary in policy No. 1831 issued by the defendant to María Soler Mercader on January 2, 1917.

2nd. That the defendant is a mutual insurance association incorporated under the laws of Porto Rico, its purpose being to render financial aid to its members in case of physical accident and to their heirs and beneficiaries in case of death.

3rd. That the members of the defendant association are classified, and were so classified before the policy was issued, into members of the first and second class, and in case of the death of any member of the first class the remaining members of the first class are assessed two dollars each and the members of the second class one dollar each, to be collected by the defendant and paid over to the heirs or beneficiaries.

4th. That María Soler Mercàder was admitted and enrolled as a member of the first class of the defendant association and the corresponding policy was issued to her on January 2, 1917.

5th. That María Soler Mercader complied with all the rules and regulations of the defendant corporation for becoming one of its member and in her application for membership named the plaintiff as beneficiary under the policy, which was accepted by the defendant prior to its issuance.

6th. That María Soler Mercader died on April 13, 1917, and notice of her death was immediately given to the board of directors of the association.

7th. That when María Soler Mercader died the association had two thousand members of the first class and two thousand, three hundred members of the second class.

8th. That more than seventy days have elapsed since the death of the insured and more than sixty days since the defendant corporation investigated and verified the death, but the defendant has .not paid to the plaintiff in whole or in part the sum due .to him as insurance as the beneficiary of the deceased, notwithstanding the repeated demands made therefor.

The complaint concludes with a prayer that the defendant be adjudged to pay to the plaintiff the sum of $4,410 due to him from the assessments of the members of the first and second class amounting to $6,300, from which thirty per cent is to be discounted for the reserve fund and office expenses of the association.

The defendant demurred to the complaint on the ground that it did not allege facts sufficient to constitute a cause of action, and at the same time moved for the transfer of the case to the District Court of San Juan. The motion for change of venue was overruled on January 11, 1918, and on April 18, 1918, the demurrer was also overruled and the defendant was given ten days within which to answer.

. In answering the complaint the defendant admitted the classification of its members into members of the first and second class, with assessments of two dollars for those of the first and one dollar for those of the second class for the purpose of rendering aid to members who sustained physical accidents, or, in case of death, to their heirs, but not to their beneficiaries. It denied that the plaintiff had a right to collect policy No. 1831. It explained that the policy was issued to María Soler Mercader by reason of a transfer to her of his policy by Joaquín P. Fábregas, another member, accepted by the defendant on April 10, 1917, on the recommendation of its agent, P. Arnaldo Sevilla, the transferred policy bearing the same date as the original policy so that the right of the transferee, María Soler Mercader, should be effective from that date. It further alleged that such

transfer was accepted on April 10, 1917, or three days be-
fore the death of the said María Soler Mercader, in the be-
lief that María Soler Mercader had fulfilled all the condi-
tions and complied with all the regulations of the defendant
and trusting in the good faith of its Mayagüez agent, not
knowing that the transfer was, as in fact it was, the result
of a conspiracy entered into for the sole purpose of defraud-
ing the defendant association. As a special defense the de-
fendant alleged that on April 9, 1917, the agent of the de-
fendant corporation in Mayagüez, P. Arnaldo Sevilla, sent
to the office of the defendant in San Juan a policy which had
been issued in favor of Joaquín P. Fábregas, number 1831,
asking that it be transferred to María Soler Mercader, which
was done on April 10, 1917, and it does not appear that at
any time thereafter María Soler Mercader transferred her
policy to any other person or that the plaintiff is one of her
heirs; that from an investigation made by the defendant it
appeared that on April 13, three days after the policy was
transferred to María Soler Mercader, she died, and, accord-
ing to the information and belief of the defendant, the trans-
fer made to María Soler Mercader and the transfer of her
rights to the plaintiff, Manuel Cintrón Rodríguez, were a
series of guileful intrigues as the result of a fraudulent con-
spiracy by which the defendant was induced to accept the
transfer of the policy to María Soler Mercader.

The case was tried on November 19, 1918, only counsel
for the plaintiff being present, as the defendant failed to
appear, and the court entered judgment on the 21st of the
same month in the terms already stated.

The grounds of the appeal are, in brief, as follows:

1st. That the court erred in trying the case without as-
suring itself that the defendant had been duly notified of its
setting for trial, considering the fact that a few days before
there had been an earthquake which had almost totally de-
stroyed the city of Mayagüez and particularly the building

in which the court held its sessions, and there being pending
a motion to strike out the answer, which had not been heard
and which should have been disposed of before trying the
case on its merits.

2nd. Insufficiency of the evidence to support the judg-
ment, which also is contrary to law.

3rd. Error committed by the court in entering judgment
for a sum which is excessive and contrary to the law and
the evidence.

4th. Error in entering judgment in favor of the plain-
tiff for costs and attorney fees, inasmuch as the defendant
did not appear at the trial and was given no opportunity to
defend itself.

The first assignment is without merit.

It appears from the transcript of the record that on May
8, 1918, the plaintiff made a motion to strike out the defend-
ant's answer, which motion was to be heard on the 17th of
the same month, or as soon as the court could hear it, and
that the defendant in turn filed a motion to annul the setting
made of the motion to strike out. In another motion the
defendant requested that in case the motion to annul the
setting should be overruled, the motion to strike out should
be submitted to the court on its merits and on the grounds
stated in the brief which accompanied it.

It does not appear that either the motion to strike out
or that of the defendant to annul the setting for its hearing
was ruled on by the court. It is to be presumed that the
motion to strike out was abandoned or overruled. It does
appear from the statement of the case that "on November
19, 1918, the case was called for trial, as duly set at the
second call of the civil docket for the October and November
term, on October 25, 1918, and the plaintiff appeared by
counsel, but the defendant failed to appear."

The setting of a day for the trial required no notice to
the parties, and no notice was necessary to the defendant

of an order overruling the motion to strike out, in case such order was entered, for it was not prejudicial to the defendant. It is conclusively presumed that the parties are before the court and the only cases in which notice must be given are those specified in the Acts of March 9, 1911, and March 11, 1915. *Guardian Assurance Co., Ltd.*, v. *López Acosta, District Judge*, 24 P. R. R. 597.

As to the second assignment, that is the insufficiency of the evidence to support the judgment, the evidence tended to show that when Joaquín P. Fábregas transferred his policy to María Soler Mercader she named, in the presence of the agent of the company, Patricio Arnaldo Sevilla, and with the consent of her father, Santiago Soler, the plaintiff, Manuel Cintrón Rodríguez, as beneficiary; but we are of the opinion that the naming of Cintrón Rodríguez as beneficiary to the agent of the company could produce no legal effects without its approval by the company of which Patricio Arnaldo Sevilla was a mere agent, and it does not appear that the company approved such designation of a· beneficiary, for, on the contrary, it only issued the policy to María Soler Mercader without mentioning any designation of a beneficiary.

The policy reads as follows:

"Policy No. 1831.—El Zenit, mutual insurance association against physical accidents, incorporated in 1914. San Juan, Porto Rico.— The undersigned directors of the association 'El Zenit' hereby certify: That María Soler Mercader, a resident of Mayagüez, P. R., has complied with all the regulations necessary to be admitted as a member of the association and is enrolled as a member of the first class, with the obligation to·pay the assessment of two dollars in the manner prescribed in article IV of the by-laws. In accordance with article VIII of the by-laws governing this association, she is entitled to the benefits provided for in the said by-laws from January 3, 1917.—Signed: P. de Villasante, President.—Signed: Joaquín Rodríguez, Treasurer.—Seal of the association."

The policy, which we have transcribed literally, is the law of the contract, and no designation of a beneficiary appear-

ing therein, we must be governed by the by-laws of the company in determining its legal effects. Article 2 of the said by-laws, after stating that "El Zenit" was founded for aiding and protecting its members financially, and after classifying accidents that may occur as serious and slight, enumerates death among the serious accidents and prescribes that "if not resulting from suicide the lawful heirs shall receive the assistance." That article makes no mention of other beneficiaries. In establishing the manner in which the receipts of the association shall be distributed, article 20 prescribes that after deducting an amount of not less than thirty per cent for a reserve fund and for the general office expenses of the association, the remainder shall be paid out as insurance to members sustaining accidents, or to their relatives in cases of death. And the example given at the end of the regulations, in considering the case of an accident to a member of the second class, states that the amount remaining after deducting the expenses as prescribed by the by-laws shall be paid to the member sustaining the accident, or to his relatives in case of his death. Therefore we are of the opinion that, in the absence of an express stipulation in the insurance policy, the lawful heirs of the deceased member, or his relatives, as the case may be, are the persons entitled to collect the insurance on the policy.

Section 4 of Act No. 22 of March 9, 1911, to incorporate associations not for pecuniary profit, reads as follows:

"Section 4.—*Certificate of incorporation may provide for certain benefits.*—It shall be lawful for associations incorporated under this Act, where their articles of incorporation so specify, to provide for the relief of disabled or destitute members or their families and to maintain a fund for that purpose, or to contract with their members to pay death benefits according to the rules or by-laws adopted by such associations, and to agree to pay the same to the husband, wife, father, mother, son, daughter, brother, sister, or legal representative of such member, after his or her death, which contract

the beneficiary therein named shall have full legal power to enforce in proceedings at law."

In the insurance contract between María Soler Mercader and the defendant company, which is set out in policy No. 1831, the plaintiff, Manuel Cintrón Rodríguez, was not designated as beneficiary under the policy; therefore he has no lawful authority to demand its payment.

The appeal being sustained on its second ground, it is unnecessary to discuss the third and fourth assignments.

The judgment appealed from is reversed and the complaint is dismissed, without special imposition of costs.

*Reversed.*

Justices del Toro and Aldrey concurred.

Justices Wolf and Hutchison took no part in the decision of this case.